IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO MUNEZ GARZA, | 1:06-cv-1256-LJO-TAG HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES |
| vs. | |
| WARDEN, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court has reviewed the Petition and finds that it contains claims that have not been exhausted through the state court remedies. The Petition, which fails to set forth any specific information about Petitioner's conviction, sentence, or present circumstances, appears to allege that Petitioner was sentenced on an undisclosed date in the Superior Court for Fresno County to a term of one year in an unspecified "program" plus five years probation. (Doc. 3). It also appears that part of the sentence included a thirteen year prison term "lid," should Petitioner's probation be revoked. (Doc. 3). It appears that Petitioner got into a fistfight while in the "program," apparently had his probation revoked, and was sentenced to some period of prison within the "lid" amount, although Petitioner does not specify how long. (Id.). Finally, and most germane to this order, it appears that Petitioner never filed any direct appeal from the revocation of his probation because, he contends, he was tardily called to the prison law library and therefore, apparently, never prepared the documents necessary for his appeal. (Id.). Petitioner does not allege that he filed any collateral relief in the state courts.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-1555 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) cert. denied, 118 S.Ct. 265 (1997).

Here, it is difficult to divine what claims the Petitioner is actually making, although he does make reference to the "fist fight" being in "self defense." Presumably, therefore, he is claiming that his probation was wrongfully terminated and that his present prison sentence is therefore illegal. Although Petitioner's claims may be unclear, what is quite clear is that Petitioner has ever exhausted these claims in the California Supreme Court. Indeed, it appears that the entire Petition is unexhausted.

Petitioner will therefore be ordered to show cause why the Petition should not be dismissed for failing to exhaust state court remedies. Should it be the case that the claims were exhausted,

1  Petitioner should make clear when and in what court the claims were raised.  If possible, Petitioner
2  should present to the Court documentary evidence that the claims were indeed presented to the
3  California Supreme Court.[1]
4       If the Petition contains unexhausted claims, Petitioner may, at his option, withdraw the
5  unexhausted claims and go forward with the exhausted claims.  Anthony v. Cambra, 236 F.3d 568,
6  574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by
7  striking unexhausted claims as an alternative to suffering dismissal").
8       Petitioner may also move to withdraw the unexhausted claims and move to hold the Petition
9  in abeyance while the unexhausted claims are exhausted in state court.  See Kelly v. Small, 315 F.3d
10 1063 (9th Cir. 2003); Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002).  However, such a request will
11 not be considered by the Court until the Petition contains only exhausted claims and it is clear that
12 the Petition is not barred by the statute of limitations.
13      Petitioner may also move to withdraw the entire Petition and return to federal court only
14 when he has finally exhausted his state court remedies.  Petitioner should bear in mind, however, that
15 there exists a one year statute of limitations applicable to federal habeas corpus petitions.  28 U.S.C.
16 § 2244(d)(1); Ford, 305 F.3d at 885-885.  In most cases, the one year period starts to run on the date
17 the California Supreme Court denied Petitioner's direct review.  See id.  Although the limitations
18 period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C.
19 § 2244(d)(2), it does not toll for the time an application is pending in federal court.  Duncan v.
20 Walker, 531 U.S. 991 (2001).
21      Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court
22 later find that the Petition contained unexhausted claims.
23 ///
24 ///
25 ///

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **December 11, 2007**                                       **/s/ Theresa A. Goldner**
                                                                                            UNITED STATES MAGISTRATE JUDGE