1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
8
9    RAMIRO MUNEZ GARZA,                     1:06-cv-1256-LJO-TAG HC

10                    Petitioner,             FINDINGS AND RECOMMENDATIONS_
                                             TO DISMISS PETITION FOR
11         vs.                               FAILURE TO EXHAUST STATE
                                             COURT REMEDIES (Doc. 1-4)
12   WARDEN,
                                             ORDER REQUIRING OBJECTIONS TO
13                    Respondent.            BE FILED WITHIN FIFTEEN DAYS
     _____/
14

15         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.

17                          **PROCEDURAL HISTORY**

18         The Court has reviewed the petition and finds that it contains claims that have not been

19   exhausted through the state court remedies.  In the petition, which fails to set forth any specific

20   information about Petitioner's conviction, sentence, or present circumstances, Petitioner appears to

21   allege that he was sentenced on an undisclosed date in the Fresno County Superior Court to a term of

22   one year in an unspecified  "program" plus five years probation.  (Doc. 1-4).  It also appears that

23   part of the sentence included a thirteen year prison term "lid," should Petitioner's probation be

24   revoked.  (Doc. 1-4).  It appears that Petitioner got into a fistfight while in the "program," apparently

25   had his probation revoked, and was sentenced to some period of prison within the "lid" amount,

26   although Petitioner does not specify how long.  (Doc. 1-4).  Finally, and most germaine to these

27   Findings and Recommendations, it appears that Petitioner never filed any direct appeal from the

28   revocation of his probation because, he contends, he was tardily called to the prison law library and

                                             1

1  therefore, apparently, never prepared the documents necessary for his appeal.  (Doc. 1-4).   Petitioner

2  does not allege that he filed any collateral relief in the state courts.

3       On December 12, 2007, the Court issued an Order to Show Cause why the instant petition

4  should not be dismissed for failure to exhaust remedies.  (Doc. 4).  Petitioner was required to

5  respond within thirty days.  However, Petitioner has failed to file a response to the Order to Show

6  Cause.

7                                              **DISCUSSION**

8       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

9  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

10  exhaustion doctrine is based on comity to the state court and gives the state court the initial

11  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

12  U.S. 722, 731, 111 S.Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982);

13  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

14       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

15  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

16  Henry, 513 U.S. 364, 364, 115 S. Ct. 887 (1995);  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509

17  (1971);  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the

18  highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented

19  the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. at 365

20  (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992) (factual basis).

21       Additionally, the petitioner must have specifically told the state court that he was raising a

22  federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669

23  (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F. 3d 1098, 1106-1107 (9th

24  Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner

25  wishes to claim that the trial court violated his due process rights "he must say so, not only in federal

26  court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

27       The Court must dismiss a petition that contains unexhausted claims, even if it also contains

28  exhausted claims.  Rose, 455 U.S. at 521-522, 102 S.Ct. at 1205; Calderon v. United States Dist.

1    Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) cert. denied, 118 S.Ct. 265 (1997).

2           Here, it is difficult to divine what claims the Petitioner is actually making, although he does

3    make reference to the "fist fight" being in "self defense."  Presumably, therefore, he is claiming that

4    his probation was wrongfully terminated and that his present prison sentence is therefore illegal.

5    Although Petitioner's claims may be unclear, what is quite clear is that Petitioner has not exhausted

6    these claims in the California Supreme Court.  Indeed, it appears that the entire petition is

7    unexhausted.  Petitioner was afforded an opportunity to respond to the Court's Order to Show Cause

8    by providing information that would establish that he had actually exhausted his remedies in the

9    California Supreme Court.  However, Petitioner has, to date, never responded nor has he provided

10   any information regarding exhaustion of his state remedies.

11                                    **RECOMMENDATIONS**

12          Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

13   corpus (Doc. 1-4), be DISMISSED for lack of exhaustion.

14          These Findings and Recommendations are submitted to the United States District Judge

15   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

16   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

17   fifteen (15) days after being served with a copy, any party may file written objections with the court

18   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

19   Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

20   ten (10) court days (plus three days if served by mail) after service of the objections.  The District

21   Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

22   parties are advised that failure to file objections within the specified time may waive the right to

23   appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24

25   IT IS SO ORDERED.

26   Dated:   **March 31, 2008**                                  **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE
27

28

                                             3